[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16153
Non-Argument Calendar

_____

D. C. Docket No. 02-00067-CV-BAE-6

JAI DEVON LEE,

Plaintiff-Appellant,

versus

JON GRINER, LYNN ANDERSON,
DEPUTIES OF DRUG SUPPRESSION TEAM,
DEPUTIES OF S.W.A.T. TEAM,
RICK ROUNDTREE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 6, 2006)**

Before MARCUS, WILSON and HILL, Circuit Judges.

PER CURIAM:

Jai Devon Lee brought this 42 U.S.C. § 1983 action against defendants claiming that they intentionally deprived him of his constitutional right to be free from cruel and unusual punishment. He alleged that the defendants, acting under color of law at the Bullock County Jail, used excessive force upon him by exposing him to large concentrations of tear gas and pepper gas while he was confined in his cell.

At trial, Lee requested the court to instruct the jury that they could find the defendants liable if they "intentionally committed or were deliberately indifferent to acts that violated the Plaintiff's constitutional right not to be subjected to cruel and unusual punishment." The court, however, gave the Eleventh Circuit pattern instruction that instructed the jury that they could find for the plaintiff only if the defendants acted "maliciously and sadistically to cause harm" to the plaintiff.[1] The jury found for the defendants.

The sole issue on appeal is whether this instruction was correct. Lee argues that the "heightened requirement of 'sadistic and malicious intent' applies only to exigent circumstances where deadly force is necessary to control a violent situation." We review the jury instruction given for an abuse of discretion. *Johnson v. Breeden*, 280 F.3d 1308 (11th Cir. 2002).

---

[1]Lee sought to graft his proposed language onto the pattern jury instruction.

Lee argues that the jury was incorrectly instructed that they must find that the officers acted maliciously and with sadistic intent in order for him to prevail. He argues that the Supreme Court in *Whitley* limited this "heightened intent requirement" for excessive force claims to cases involving exigent circumstances, such as a prison riot. *See Whitley v. Albers*, 475 U.S. 312 (1985).

This is not the law. In *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), the Supreme Court held that *all* claims of excessive force, regardless of exigency, are to be judged by "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." We specifically noted in *Campbell v. Sikes*, 169 F.3d 1353, 1374-75 (11th Cir. 1999), that:

> [I]n *Hudson*, the Supreme Court extended *Whitley's* holding outside the prison-riot context and applied the same heightened intent requirement to force used as a prophylactic, preventive measure. The *Hudson* Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

169 F.3d at 174 (citations omitted).

Since this is exactly what the district court instructed the jury that they must find, Lee's allegation of error in this regard is without merit.

Accordingly, the judgment of the district court is

AFFIRMED.

3